FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 16, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICKY ANTHONY YOUNG, <br><br> Plaintiff, <br><br> v. <br><br> TIMOTHY LANG, JAMES KEY, CAROL SMITH, JASON MARTIN, JASON RICHER, JEFFREY PERKINS, CS2 MAINE, CS2 DEAN, CS2 MULLEN, JOHN DOES 1-10, and JANE DOES 1-10, <br><br> Defendants. | No. 4:25-cv-5157-EFS <br><br> **ORDER DISMISSING ACTION** <br><br> **1915(g)** |

Before the Court is Plaintiff Ricky Anthony Young's Third Amended Complaint (TAC).[1] Plaintiff, an individual currently incarcerated at Coyote Ridge Corrections Center (CRCC), is proceeding

---

[1] ECF No. 17.

ORDER DISMISSING ACTION - 1

*pro se.* Plaintiff has paid the full filing fee to commence this action. Defendants have not been served. Plaintiff seeks declaratory and injunctive relief, as well as monetary damages, claiming that his First and Fourteenth Amendment rights have been violated.[2]

On December 23, 2025, counsel for Defendant Timothy Lang entered a limited appearance in this case and requested that all future pleadings and correspondence be sent to his attorneys.[3] Defendant Lang noted that Plaintiff failed to serve process upon any of the Defendants in this matter in accordance with Fed. R. Civ. P. 4(c).[4]

As a general rule, an amended complaint supersedes the original complaint and renders it without legal effect.[5] Therefore, "[a]ll causes

---

[2] *Id.* at 3, 12, 14-31, 33, 35, 37, 39-42.

[3] ECF No. 9 at 1.

[4] *Id.* at 2.

[5] *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012).

ORDER DISMISSING ACTION - 2

of action alleged in an original complaint which are not alleged in an amended complaint are waived."[6]

Liberally construing the TAC in the light most favorable to Plaintiff, the Court finds that it fails to cure all the deficiencies of the Second Amended Complaint  and does not state a claim upon which relief may be granted.

## PLAINTIFF'S ALLEGATIONS

Plaintiff's TAC is essentially a duplicate of his Second Amended Complaint (SAC), with the exception of a few minor alterations. The only notable change is that Plaintiff did not submit an identical copy of the "Defendant Information" section, although the Defendants remain the same as the Defendants listed in the SAC.[7]

---

[6] *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987) (citing *London v. Coopers & Lybrand,* 644 F.2d 811, 814 (9th Cir. 1981)), *overruled in part by Lacey,* 693 F.3d at 928 (any claims voluntarily dismissed are considered to be waived if not repled).

[7] *See* ECF No. 14 at 1, 3-6; ECF No. 17 at 2-3, 5-10.

ORDER DISMISSING ACTION - 3

**DISCUSSION**

In its Order to Amend or Voluntarily Dismiss Complaint; Denying Motion for Order Restricting Electronic Pleadings; Denying Motion for Appointment of Counsel, filed on January 6, 2026, the Court engaged in a lengthy discussion and analysis of Plaintiff's allegations.[8] In its 39-page Order, the Court set forth the deficiencies in Plaintiff's Complaint and addressed his failure to state a claim upon which relief may be granted.[9] Plaintiff then filed a First Amended Complaint that was essentially a duplicate of his original Complaint, with the exception of a few minor alterations.[10]

Upon review of Plaintiff's First Amended Compliant, the Court issued a Second Order to Amend or Voluntarily Dismiss Plaintiff's Complaint, and found that he failed to cure all the deficiencies of the initial Complaint and did not state a claim upon which relief may be

---

[8] ECF No. 11.

[9] *Id.*

[10] *See* ECF No. 12; ECF No. 13 at 3.

ORDER DISMISSING ACTION - 4

granted.[11] Further, in allowing Plaintiff the opportunity to file a SAC, the Court ordered that Plaintiff's SAC must be limited to 25 pages, including exhibits.[12] Plaintiff was cautioned that any additional pages above the 25-page limit filed with his SAC would not be considered by the Court.[13] Despite the Court's order, Plaintiff filed a SAC that was 54 pages, including exhibits, and was almost identical to the FAC.[14]

The Court then addressed Plaintiff's SAC in a Third and Final Order to Amend or Voluntarily Dismiss Plaintiff's Complaint, and found that Plaintiff failed to cure all the deficiencies of the FAC and did not state a claim upon which relief may be granted.[15] The Court once again ordered that any Third Amended Complaint filed by Plaintiff must be limited to 25 pages, including exhibits.[16] Plaintiff was

---

[11] ECF No. 13. at 2.

[12] *Id*. at 7.

[13] *Id*. at 4.

[14] ECF No. 14.

[15] ECF No. 16.

[16] *Id*. at 7, 10.

ORDER DISMISSING ACTION - 5

cautioned that any additional pages above the 25-page limit filed with his TAC would not be considered by the Court.[17] In apparent disregard for the Court's instructions, Plaintiff has filed a TAC that is 57 pages, including exhibits, and is almost identical to the SAC.[18]

**CONCLUSION**

On May 14, 2026, the Court advised Plaintiff of the deficiencies in his SAC and granted him the opportunity to file a Third Amended Complaint or to voluntarily dismiss his SAC.[19] Plaintiff was instructed that in any Third Amended Complaint, he must allege with specificity the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights, the dates on which the conduct of Defendant(s) allegedly took place, and the specific conduct or action that Plaintiff alleges is unconstitutional.[20] Plaintiff was cautioned that if he amended his complaint and the Court

---

[17] *Id.* at 7.

[18] ECF No. 17.

[19] ECF No. 16.

[20] *Id.* at 7.

ORDER DISMISSING ACTION - 6

found that the Third Amended Complaint was frivolous, malicious, or failed to state a claim, the Third Amended Complaint would be dismissed pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2), and such a dismissal would count as one of the dismissals under 28 U.S.C. § 1915(g).[21] Despite these orders, Plaintiff has submitted a Third Amended Complaint that once again fails to state a claim for relief.

For the reasons set forth in the Court's Third and Final Order to Amend or Voluntarily Dismiss Complaint,[22] the Third Amended Complaint[23] is **DISMISSED** with prejudice for failure to state a claim against Defendants upon which relief may be granted.[24]

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless

---

[21] *Id.* at 9.

[22] ECF No. 16.

[23] ECF No. 17.

[24] 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2).

ORDER DISMISSING ACTION - 7

the prisoner is under imminent danger of serious physical injury."[25]

**Plaintiff is advised to read the statutory provisions under 28 U.S.C. § 1915. This dismissal of Plaintiff's Third Amended Complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims *in forma pauperis*.**

Accordingly, **IT IS SO ORDERED**:

1.     The Third Amended Complaint, ECF No. 17, is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2).

2.     The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith.

//

//

//

//

---

[25] 28 U.S.C. § 1915(g).

ORDER DISMISSING ACTION - 8

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, enter judgment, forward copies to Plaintiff and counsel for Defendant Timothy Lang, and **CLOSE THE FILE**.

DATED this 16th day of June 2026.

_Edward F. Shea_
_____
EDWARD F. SHEA
Senior United States District Judge

ORDER DISMISSING ACTION - 9